## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## (KANSAS CITY)

| | | |
|---|---|---|
| HAROLD AND KELLIE NYANJOM, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO.: |
| v. | ) ) | COMPLAINT – CLASS ACTION |
| EQUIFAX INFORMATION SERVICES, LLC, | ) ) ) | JURY DEMAND |
| Defendant. | ) ) | |

**CLASS ACTION COMPLAINT**

**PRELIMINARY STATEMENT**

On behalf of themselves and all others similarly situated, Plaintiffs Harold Nyanjom ("Mr. Nyanjom") and Kellie Nyanjom ("Mrs. Nyanjom") (collectively referred to as "Plaintiffs"), by and through their undersigned attorneys, respectfully allege as follows:

**NATURE OF THE ACTION**

1.      This is a consumer class action brought for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), against Equifax Information Services, LLC ("Defendant" or "Equifax"), a nationwide consumer reporting agency. In violation of the FCRA, Equifax prepares and furnishes consumer reports that include tax liens that: (a) the FCRA prohibits Equifax from reporting; and (b) that have been paid, satisfied or released, but are not reported by Defendant as paid, satisfied or released.

**PARTIES**

2.      Plaintiffs are adult individuals residing in this District and are "consumers" as that term is defined by 15 U.S.C. § 1681a(c).

3.      Equifax is a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(f).  Defendant is authorized to do business in the State of Kansas, has substantial contacts in this District, and is headquartered in Atlanta, Georgia.

**JURISDICTION & VENUE**

4.      This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**STATEMENT OF FACTS**

6.      Defendant is one of the "big three" nationwide consumer reporting agencies in the United States.

7.      Defendant sells consumer reports (commonly called "credit reports") about millions of consumers annually.

8.      Defendant is regulated by the FCRA.

9.      Upon information and belief, for several years Defendant has obtained its information about bankruptcies, civil judgments and tax liens (*i.e.*, "public record" information) from LexisNexis Risk & Information Analytics Group, Inc. ("LexisNexis"), First Advantage Corporation, a Symphony Technology Group company ("First Advantage"), and or other private businesses that it calls "vendors," which furnish such information to nationwide CRAs.

10.      Equifax has not directly retrieved public records from courthouses or actual government offices for several years.

11. The public record information that Defendant receives from its vendors is not the actual court or taxing authority records. Rather, it receives a distilled version of those records, which does not include all of the information available at the actual courthouses or government offices where the true records are housed.

12. Defendant knows that both it and its public records vendors such as LexisNexis and First Advantage make mistakes in the distilled public records information that is acquired for purposes of credit reporting.

13. Equifax routinely fails to report accurate information about tax liens, including the most up-to-date status.

14. Defendant also routinely fails to remove tax liens from consumers' reports when those judgments have become nullities.

15. In 2017 alone, Equifax delivered no less than six consumer reports about Mr. Nyanjom to end users, each of which used Equifax's report to evaluate Mr. Nyanjom's creditworthiness.

16. On or about August 3, 2017, Mr. Nyanjom requested and received a copy of his Equifax credit report. The Equifax credit report contained inaccurate information, including but not limited to, reporting that Mr. Nyanjom had an outstanding tax lien in the amount of $1,150.

17. Similarly, in 2017, Equifax delivered no less than five consumer reports about Mrs. Nyanjom to end users, each of which used Equifax's report to evaluate Mrs. Nyanjom's creditworthiness.

18. On or about August 3, 2017, Mrs. Nyanjom requested and received a copy of her Equifax credit report. The Equifax credit report contained inaccurate information, including but not limited to, reporting that Mrs. Nyanjom had an outstanding tax lien in the amount of $1,150.

19.     The tax lien information Equifax included on Plaintiffs' credit reports was woefully deficient.  The tax lien, which was recorded in Sedgwick County, Kansas, had been satisfied and released on March 29, 2011. A satisfaction of judgment for release of the tax lien had been filed and recorded in the public record on or around March 31, 2011.

20.     Despite the release of the lien and information being recorded in the public record, and pursuant to its usual and systematic practice, Defendant did not update its records to show that the lien had been paid, released or satisfied.

21.     The FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).

22.     At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, was intentionally accomplished through intended procedures, and was carried out in reckless disregard for a consumer's rights as set forth in sections 1681c(a)(3) and 1681e(b) of the FCRA.

23.     Upon information and belief, Defendant's collecting and reporting the initial entry of tax lien is believed by it to be of greater economic value than collecting and reporting information indicating that a tax lien has been paid, satisfied, released or withdrawn.

24.     The reporting of Plaintiffs' tax lien by Defendant was inaccurate and occurred because Defendant failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiffs' consumer reports.

25.     Specifically, Defendant does not follow the same automated and systematically rigorous processes to obtain all satisfactions, releases and withdrawals of tax liens that it follows to obtain the original tax lien information.

26.     Indeed, Defendant follows no procedure which assures that, when a tax lien or civil judgment is paid, satisfied, released or withdrawn, the updated status is promptly obtained and reflected upon the consumer's credit report.

27.     Instead, Defendant continues to report the tax lien or civil judgment balance that it originally received through its vendor.

28.     In Plaintiffs' case, Defendant did not receive or report any updated information as to the status of the lien, despite the fact that the tax lien was released in March 2011.

29.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

## CLASS ACTION ALLEGATIONS

30.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as alleged above.

31.     Plaintiffs bring this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Classes:

> a.     All natural persons who: (i) had a tax lien recorded in the State of Kansas; (ii) the tax lien appeared on an Equifax consumer report dated within two years prior to the filing of this Complaint; (iii) the State of Kansas public record indicated that the tax lien had been paid, satisfied, released or withdrawn on a date prior to the date of the Equifax consumer report; and (iv) the Equifax consumer report identified the tax lien as unpaid or with an unpaid balance (hereafter the "Two-year Failure to Update Class"); and

b.  All natural persons who: (i) had a tax lien recorded in the State of Kansas; (ii) the tax lien appeared on an Equifax consumer report dated within five years prior to the filing of this Complaint; (iii) the State of Kansas public record indicated that the tax lien had been paid, satisfied, released or withdrawn on a date prior to the date of the Equifax consumer report; and (iv) the Equifax consumer report identified the tax lien as unpaid or with an unpaid balance (hereafter the "Five-year Failure to Update Class").

32.  Plaintiffs reserve the right to amend the definitions of the Classes based on discovery or legal developments.

33.  **Numerosity. Fed. R. Civ. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Although the precise number of Class members is known only to Equifax, there are tens of thousands of recorded tax liens in Kansas, and the names and addresses of the Class members are identifiable through documents maintained by Equifax and through publicly available records.

34.  **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Classes, and predominate over the questions affecting only individual members. The common legal and factual questions include, among others: Whether Defendant willfully violated the FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of the Kansas tax lien information it reported.

35.  **Typicality. Fed R. Civ. P. 23(a)(3).** Plaintiffs' claims are typical of the claims of each Class member, which all arise from the same operative facts and are based on the same legal theories. Equifax reports tax liens that have been paid, satisfied, released or withdrawn without

reporting their paid, satisfied, released or withdrawn status. Plaintiffs have the same claims for statutory, actual and punitive damages that Plaintiffs seek for absent class members.

36.     **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiffs are adequate representatives of the Classes. Plaintiffs' interests are aligned with, and are not antagonistic to, the interests of the members of the Classes Plaintiffs seek to represent. Plaintiffs have retained counsel competent and experienced in such litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of members of the Classes.

37.     **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expenses to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## CAUSES OF ACTION
### COUNT I
### (Two-Year Failure to Update Class Claim)

38.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as alleged above.

39.     Equifax failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the tax lien information in the consumer reports it prepared regarding Plaintiffs and the other Two-Year Failure to Update Class members.

40.     Pursuant to 15 U.S.C. §§ 1681n and o, Defendant is liable to Plaintiffs and all Class members for its failure to comply with FCRA § 1681e(b), in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

### COUNT II
### (Five-Year Failure to Update Class Claim)

41.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as alleged above.

42.     Equifax failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the tax lien information in the consumer reports it prepared regarding Plaintiffs and the other Five-Year Failure to Update Class members.

43.     Pursuant to 15 U.S.C. §§ 1681n and o, Equifax is liable to Plaintiffs and all Class members for its failure to comply with FCRA § 1681e(b), in amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Classes pray for relief as follows:

a.  An order certifying the case as a class action on behalf of the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiffs and the undersigned counsel of record to represent same;

b.  A permanent injunction requiring Defendant to: (1) cease reporting public record information about Kansas consumers; (2) cease reporting public record information about Kansas liens and civil judgments; (3) regularly update the public record information it obtains and reports about Kansas consumers on at least a monthly basis;

c.  An award of statutory, actual and punitive damages for Plaintiffs and the Classes;

d.  An award of pre-judgment and post-judgment interest as provided by law;

e.  An award of attorney's fees and costs; and

f.  Such other relief as the Court deems just and proper.

## TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on those causes of action where a trial by jury is allowed by law.

Respectfully submitted,

By: /s/ Michael H. Rapp
Michael H. Rapp #25702
Stecklein & Rapp Chartered
748 Ann Avenue
Kansas City, Kansas 66101
Telephone:     913-371-0727
Facsimile:     913-371-0727
Email: mr@kcconsumerlawyer.com

and

Micah S. Adkins (motion for *pro hac vice* forthcoming)
**THE ADKINS FIRM, P.C.**
7100 Executive Center Drive, Suite 110
Brentwood, Tennessee 37027
Telephone:      615.370.9659
Facsimile:       615.370.4099
Email: MicahAdkins@ItsYourCreditReport.com
*Attorneys for Plaintiffs*